### THE AWARDING OF PUBLIC CONTRACTS.

Common Pleas Court of Franklin County.

ROBERTS v. CITY OF COLUMBUS ET AL.

Decided, January 7, 1913.

*Official Discretion—Will Not be Interfered with by the Courts, Unless —Split Contracts—Hax-Payer's Suit to Enjoin an Award.*

1. To entitle a plaintiff to a temporary injunction it must appear that the facts stated in the petition are such as to entitle him to a permanent injunction, provided the facts pleaded are established by the evidence to be subsequently submitted.
2. Official discretion will be interfered with by the courts only where it is apparent that the official clothed with such discretionary power has so acted that his action amounts to a fraud upon the public whom he serves.

3. A tax-payer who is evidently only a figure-head for an unsuccessful bidder will not be heard to complain, where he rests his claim for relief upon the fact that the officer awarding the contract exceeded his authority in splitting it up among four persons against only one of whom is relief sought.

*M. E. Thrailkill* and *J. D. Karns,* for plaintiff.
*Stuart R. Bolin,* City Solicitor, contra.

BIGGER, J.

The case is. submitted on an application of the plaintiff for a temporary injunction. The action is brought by the plaintiff in his capacity as a tax-payer to restrain the city and its officials, and the Eureka Fire Hose Manufacturing Company, from carrying out the terms of a contract entered into for the purchase of fire hose.

On the hearing quite a mass of testimony was taken, and the case has been argued at length by counsel, both upon the law and the facts. To entitle the plaintiff to the relief here asked—a temporary injunction—it must appear that upon the facts stated in the petition he will be entitled to the ultimate relief of a permanent injunction, provided the facts pleaded be established by the proof.

A great deal of testimony was taken upon the hearing as to the relative merits of the different kinds of hose which were bid upon, as reflecting upon the plaintiff's claim that the carrying. out of this contract will be a misapplication and misuse of the funds of the city. It is a well established rule of law that courts will not interfere with the actions of municipal officers clothed with a discretion in making contracts for a municipality, unless they amount to fraud or gross abuse of the discretion reposed in them by law. If the courts were to sit to hear and determine whether or not municipal officers, who are clothed by law with certain discretionary powers, had exercised them to the highest advantage of the city just as the officers themselves consider and determine these questions, the courts would have time for little else, and we would have government of municipalities by the courts, instead of by the officials of the municipalities. That would be to substitute the court's judgment

and discretion for the discretion which the law reposes in the city officials.

The rule is, therefore, well established that it is only where it is apparent that the official who is clothed with a discretionary power has grossly abused it, and has so acted that his act amounts to a fraud upon the municipality, that the court will interfere to restrain the exercise of such discretionary power.

After a careful consideration of the evidence touching the quality of the hose contracted for with the Eureka Fire Hose Manufacturing Company, I am satisfied that there was no such abuse of discretion on the part of the director of public safety as would warrant this court in interfering, if the director had purchased the entire amount of hose from the Eureka Fire Hose Manufacturing Company. Even to a non-expert, the quality of this hose is manifestly superior to that of any other hose bid upon. Its advantages over the other hose which was offered in competition with it is clearly apparent. The officers of the fire department of the city all unite in saying that it is far superior to any other hose upon the market, and the testimony is overwhelming that its life far exceeds that of the other brands of hose, while at the same time affording greater security to life and property while it is in use. I am satisfied from the evidence that its life is practically twice that of the cheaper grades of hose. So far, therefore, from the evidence showing that an acceptance of the bid of the Eureka Fire Hose Company was an abuse of the discretion reposed in the director of public safety, I am of opinion the purchase of this hose, having regard to the relative merits of the different qualities of hose bid upon, was a wise and prudent exercise of the discretion reposed in him. The director was not required under law to purchase from the lowest bidder. To do so might be, and often would be, very bad business policy. Clearly, therefore, had the director entered into contract with the defendant, the Eureka Fire Hose Manufacturing Company, for the entire amount of hose which he was directed to purchase, he could not be charged with any abuse of the discretion reposed in him.

As I understand, counsel for the plaintiff, however, are not contending for this, but rest their claims to the relief sought

solely upon the ground that the director of public safety ex-· ceeded his authority when he split the contract instead of award- ing it all in one contract. This, it is urged, would destroy com- petition, and would be subversive and destructive of the prin- ciple involved, in competitive bidding.

As I view it, the plaintiff has not presented a case which calls upon the court to apply the doctrine contended for. The plaintiff has brought an action against the city authorities, and one of the four successful bidders, viz., the Eureka Fire Hose Manufacturing Company. There is no effort on the part of the plaintiff to restrain the city officials from carrying out the con- tract with the other three bidders who were awarded a part of this contract. Suppose the court should grant the relief prayed for? How would this enforce the principle contended for, while the city authorities are left to carry out the contracts with the other three. If the plaintiff had really desired to do what his counsel contended for in argument, he would have done what was done in the case reported in the 8th N.P.(N.S.)— brought his action to restrain the authorities from carrying out any of the contracts and not a single one of them.

As I have already indicated, I see no reason whatever for holding that the director was guilty of any abuse of power, because he let this contract to the Eureka Fire Hose Manu- facturing Company at a price higher than was bid by its com- petitors, because of the superior quality of its hose. Upon what principle of equity or justice, which is the rule of action pre- scribed for the ocurt in such cases, can the court enjoin one of these contracts, while allowing the others to stand? The court can not interfere because the contract price is too great, and the plaintiff has not sought to enforce the other principle con- tented for, because he has not made the other contracting par- ties defendants to this suit.

This leads me to suggest, although I would not undertake upon this preliminary hearing to absolutely decide it, if the decision turned upon that, that there is much in this case that points strongly to the conclusion that this tax-payer is but a figure- head by which an unsuccessful bidder seeks to enjoin his suc- cessful rival, and the court will not lend its aid to any such

effort.  During a two days hearing this plaintiff never appeared or manifested any interest in the case, while the agent of the Fabric Fire Hose Company was the only witness who did appear to manifest any interest in the suit.  This conclusion is powerfully reinforced by the fact that the plaintiff has not sought to enjoin the contract with the Fabric Fire Hose Company, or the others, who were awarded a part of the contract for the hose, but apparently seeks to protect the other bidders in their contracts, while attacking the Eureka Fire Hose Manufacturing Company alone.  In this state of the case, it is difficult to escape the conclusion that the real party prosecuting the case is the agent of the Fabric Fire Hose Company.  But, however that may be, the plaintiff has not appealed to this court for any relief which will in any way be an enforcement of the principle for which alone he contends.  I am of opinion the contract which is sought to be enjoined is a judicious one for the city, and there could have been no complaint by any one if the entire amount had been awarded to the Eureka Fire Hose Manufacturing Company, and as the plaintiff has not made any case here which calls upon the court to apply the principle contended for, that the director could not split up the contract, there is nothing in the case as presented which calls upon the court to grant the relief asked, either as preliminary or final.

For this reason the application for a temporary injunction must be denied.